---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of __Delaware__
(State)

Case number *(If known)*: _____    Chapter __11__

☐ Check if this is an
amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | IMX Acquisition Corp. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Ion Metrics Inc. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 2 6 – 2 2 6 9 8 3 8 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 500 Research Drive, Unit 3 | |
| Number        Street | Number        Street |
| | |
| Wilmington        MA        01887 | |
| City        State        ZIP Code | City        State        ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Middlesex | |
| County | Number        Street |
| | |
| | City        State        ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | www.implantsciences.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

---

01:18797009.1

Debtor    __IMX Acquisition Corp._____     Case number *(if known)* _____
              Name

7.  **Describe debtor's business**    A.  *Check one:*

☐    Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐    Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐    Railroad (as defined in 11 U.S.C. § 101(44))

☐    Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐    Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐    Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒    None of the above

B.  *Check all that apply:*

☐    Tax-exempt entity (as described in 26 U.S.C. § 501)

☐    Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐    Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3    3    4    5

8.  **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐    Chapter 7

☐    Chapter 9

☒    Chapter 11.  *Check all that apply:*

☐    Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 on a consolidated basis (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐    The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐    A plan is being filed with this petition.

☐    Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐    The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐    The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐    Chapter 12

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒    No

☐    Yes.

District _____  When _____  Case number _____
                                                MM / DD / YYYY

District _____  When _____  Case number _____
                                                MM / DD / YYYY

10.  **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐    No

☒    Yes.

Debtor  __See Attachment 1_____  Relationship _____

District _____  When _____
                                    MM / DD / YYYY

Case number, if known  _____

Debtor    <u>IMX Acquisition Corp.</u>                                    Case number *(if known)* _____
                  Name

---

**11.  Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____

_____
City                                      State      ZIP Code

**Is the property insured?**

☐ No.

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

**13.  Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14.  Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

**15.  Estimated assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

---

| Debtor | IMX Acquisition Corp. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16.    Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.    Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/10/2016
MM / DD / YYYY

x _(signature)_    William J. McGann
Signature of authorized representative of debtor    Printed name

Title    President

**18.    Signature of attorney**

x _(signature)_    Date 10/10/2016
Signature of attorney for debtor    MM / DD / YYYY

Matthew B. Lunn
Printed Name

Young Conaway Stargatt & Taylor, LLP
Firm name

1000 North King Street
Number        Street

Wilmington        DE        19801
City        State        Zip Code

(302) 571-6600        mlunn@ycst.com
Contact phone        Email address

4119        DE
Bar number        State

## <u>ATTACHMENT 1 TO VOLUNTARY PETITION</u>

      On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A motion will be filed shortly with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered.

| Debtor Name | Federal EIN |
| --- | --- |
| IMX Acquisition Corp. | 26-2269838 |
| Implant Sciences Corporation | 04-2837126 |
| C Acquisition Corp. | 20-1688021 |
| Accurel Systems International Corporation | 77-0213856 |

01:18800652.1

## OFFICER'S CERTIFICATE

I, William McGann, the undersigned Chief Executive Officer of Implant Sciences Corporation ("IMSC") and President of each of Accurel Systems International Corporation, C Acquisition Corp. and IMX Acquisition Corp (IMSC and each such entity, a "Company" and together, the "Companies") hereby certify that, on October 9, 2016, the following resolutions were duly adopted by the Board of Directors of each of the Companies (each referred to herein as the "Board"), and recorded in the minute books of each of the Companies, and that they have not been amended, modified or rescinded and, accordingly, are in full force and effect as of the date hereof.

**WHEREAS**, as a result of the Company's impending debt maturities, including guarantees, the Board has engaged counsel and financial advisors to provide advice to the Company regarding its obligations to its creditors, equity holders, employees and other interested parties;

**WHEREAS**, the Board has reviewed and considered, among other things, the advice of its counsel and financial advisors and has considered the options available to the Company, and has determined that, in its judgment, it is advisable and in the best interests of the Company, its creditors, equity holders, employees and other interested parties that the Company voluntarily files a petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, after consultation with its counsel and financial advisors, the Board believes that it is advisable and in the best interests of the Company to enter into a sale transaction, substantially in accordance with the terms of the Asset Purchase Agreement (as defined herein), and to consummate the transaction contemplated thereby;

**WHEREAS**, after consultation with its counsel and financial advisors, the Board believes that it is advisable and in the best interests of the Company to enter into and obtain loans pursuant to the DIP Agreement (as defined herein) and to consummate the transactions contemplated thereby;

**NOW THEREFORE**, it is hereby:

**RESOLVED**, that the filing by the Company of the Petition, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), substantially in the form previously presented to the Board is hereby approved, confirmed and adopted in all respects; and it is further

**RESOLVED**, that each of the officers of the Company, including any president, vice president, chairman, executive vice president, chief executive officer, chief financial officer, treasurer, secretary or assistant secretary (each of the foregoing, individually, an "Authorized Officer" and, together, the "Authorized Officers") be and they hereby are authorized, empowered and directed to execute and file the Petition on behalf of the Company in order to seek relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed, in the name and on behalf of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, declarations, affidavits and other papers as required to accompany the Petition or seek entry of first day orders, and, in connection therewith, to employ and retain assistance of legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that they deem necessary, proper or desirable in connection with, or in furtherance of, the Petition or the Company's chapter 11 case, with a view to the successful prosecution of such case; and it is further

**RESOLVED**, that the Company is authorized to employ the law firm of Willkie Farr & Gallagher LLP, located at 787 Seventh Avenue, New York, New York 10019, as bankruptcy co-counsel to render legal services to, and to represent, the Company in its chapter 11 case and in any and all related proceedings, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Company is authorized to employ the law firm of Young Conaway Stargatt & Taylor LLP, located at 1000 North King Street, Wilmington, Delaware 19801, as bankruptcy co-counsel to render legal services to, and to represent, the Company in its chapter 11 case and in any and all related proceedings, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Company is authorized to employ Chardan Capital Markets, LLC, located at 17 State Street, Suite 1600, New York, New York 10004, as financial advisors and investment banker for the Company in its chapter 11 case, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Company is authorized to employ Noble Financial Capital Markets, located at 160 Federal Street, Boston, Massachusetts 02110, as financial advisors and investment banker for the Company in its chapter 11 case, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Company is authorized to employ Kurtzman Carson Consultants LLC, located at 1290 Avenue of the Americas, 9th Floor, New York, New York 10104, as claims, noticing, and solicitation agent for the Company in its chapter 11 case, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to retain on behalf of the Company such other professionals as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Company in connection with its chapter 11 case and with respect to other related matters in connection therewith, subject to Bankruptcy Court approval, if required; and it is further

**RESOLVED**, that the form, terms and provisions of (i) that certain Senior Secured, Super-Priority Debtor-in-Possession Loan and Security Agreement (the "DIP Agreement"), by and among the Companies and DIP SPV I, L.P. as the DIP Lender thereunder

(the "DIP Lender"), substantially in the form presented to the Board, with such changes therein and additions thereto as the Authorized Officers executing the same shall approve, the execution thereof by an Authorized Officer to be deemed conclusive evidence of such approval, whereby the DIP Lender agrees to extend up to $5.7 million in loans to the Companies, subject to the terms and conditions therein, and (ii) the other Loan Documents (as hereinafter defined), including, without limitation, any exhibits, appendices and schedules thereto, all transactions contemplated thereby and all actions taken by the Authorized Officer in connection therewith be, and hereby are, authorized, approved and ratified in all respects with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by an Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness; and be it further

RESOLVED, that the execution and delivery of the DIP Agreement and the other Loan Documents, and the performance by the Company of its obligations thereunder, including the granting of any security interest, mortgage or lien, or the provision of any guarantee, as applicable, in each case, as contemplated by or in connection with the DIP Agreement and the other Loan Documents, hereby are expressly authorized, adopted, confirmed, ratified and approved, and such approval is intended to and shall constitute all authorization and approval required by the Board; and it is further

RESOLVED, that each of the Authorized Officers be and they hereby are authorized to execute, deliver and perform, or cause to be executed, delivered and performed, as applicable from time to time, in the name of and on behalf of the Company, the DIP Agreement and various other documents, agreements, instruments, questionnaires, papers or writings, as such Authorized Officer determines are necessary, convenient, advisable, appropriate or desirable to effect execution, delivery and performance of the DIP Agreement and the transactions contemplated thereunder as intended by these resolutions, including but not limited to, any UCC financing statements and other instruments, stock powers, bond powers, unit powers, powers of attorney, side letters, notary letters, allonges, waivers, documents, certificates, consents, assignments, notices, affidavits, certificates of officers (including secretary's certificates) and other certificates, control agreements, intellectual property grants, guarantees, pledge agreements and other pledge documents, security agreements and other security documents, ratification agreements and agreements contemplated thereby or executed and delivered in connection therewith (collectively with the DIP Agreement, the "Loan Documents"), in each case, with such changes, additions, modifications, and terms as the Authorized Officers executing the Loan Documents shall approve, with such Authorized Officer's execution thereof to be deemed conclusive evidence of such approval, and in each case and in connection therewith, with all amendments, amendments and restatements, supplements, renewals, extensions, modifications, substitutions and replacements thereof and each other agreement now existing or hereafter created providing collateral security for payment or performance of the obligations thereunder; and it is further

RESOLVED, that each of the Authorized Officers are hereby authorized, directed and empowered, for and on behalf of and in the name of the Company, to assign, hypothecate, set over, grant security interests in or grant a continuing security interest in, mortgage or pledge any or all of the assets and properties of the Company, real, personal or

mixed, tangible or intangible, now owned or hereafter acquired, and all proceeds of the foregoing, to the DIP Lender as security for the obligations under the DIP Agreement and the other Loan Documents; and it is further

**RESOLVED**, that to the extent that the approval of the Company in its capacity as a stockholder, shareholder or equity holder, of any person is required for the Company or any such other person to execute, deliver and perform any of its obligations (including the grant of a lien on its assets) under the DIP Agreement or the other Loan Documents, the Company hereby consents thereto; and it is further

**RESOLVED**, that the Board, having reviewed that certain Asset Purchase Agreement (the "APA"), by and among the Companies and L-3 Communications Corporation ("Buyer"), whereby the Companies agree to sell substantially all of their assets under Section 363 of the Bankruptcy Code for a cash payment of $117.5 million and the assumption of certain liabilities (the "Sale"), subject to the terms and conditions set forth therein, hereby determine that the Sale and the other transactions contemplated by the APA are advisable and in the best interests of the Company and its shareholders and other stakeholders; and it is further

**RESOLVED**, that the form, terms and provisions of (i) the APA, substantially in the form presented to the Board, with such changes therein and additions thereto as the Authorized Officers executing the same shall approve, the execution thereof by an Authorized Officer to be deemed conclusive evidence of such approval, and (ii) the other Sale Documents (as hereinafter defined), including, without limitation, any exhibits, appendices and schedules thereto, all transactions contemplated thereby and all actions taken by the Authorized Officer in connection therewith be, and hereby are, authorized, approved and ratified in all respects with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by an Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness; and be it further

**RESOLVED**, that the execution and delivery of the APA and the other Sale Documents, and the performance by the Company of its obligations thereunder, hereby are expressly authorized, adopted, confirmed, ratified and approved, and such approval is intended to and shall constitute all authorization and approval required by the Board; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized to execute, deliver and perform, or cause to be executed, delivered and performed, as applicable from time to time, in the name of and on behalf of the Company, the APA and various other certificates, agreements, schedules, instruments or agreements as such Authorized Officer determines are necessary, convenient, advisable, appropriate or desirable to effect execution, delivery and performance of the APA and the transactions contemplated thereunder as intended by these resolutions, including but not limited to, any powers of attorney, side letters, escrow agreements, notary letters, allonges, waivers, documents, certificates, consents, bills of sale, assignments, notices, affidavits, certificates of officers (including secretary's certificates) and other certificates, intellectual property grants, ratification agreements and agreements contemplated thereby or executed and delivered in connection therewith (collectively with the APA, the "Sale Documents"), in each case, with such changes, additions, modifications, and

- 4 -

terms as the Authorized Officers executing the Sale Documents shall approve, with such Authorized Officer's execution thereof to be deemed conclusive evidence of such approval, and in each case and in connection therewith, with all amendments, amendments and restatements, supplements, renewals, extensions, modifications, substitutions and replacements thereof; and it is further

**RESOLVED**, that to the extent that the approval of the Company in its capacity as a stockholder, shareholder or equity holder, of any person is required for the Company or any such other person to execute, deliver and perform any of its obligations (including the grant of a lien on its assets) under the APA or the other Sale Documents, the Company hereby consents thereto; and it is further

**RESOLVED**, that each of the Authorized Officers is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Officer(s) to be deemed conclusive evidence of the approval by the Company of the terms, provisions and conditions thereof; and it is further

**RESOLVED**, that any and all past actions heretofore lawfully taken by any officers, directors, members or any authorized persons acting under similar authority, as the case may be, of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects; and it is further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered and directed to certify that the foregoing resolutions of the Board were duly consented to and adopted as of the date hereof, and that any Authorized Officer is hereby authorized and directed to insert, or cause to be inserted, this Officer's Certificate, or a copy thereof, in the minutes of proceedings of the Board.

[Signature appears on next page]

IN WITNESS WHEREOF, the undersigned has executed this Officer's Certificate as of the ___10TH___ day of October, 2016.

By: _____

Name: William McGann

Title:  Chief Executive Officer of Implant Sciences Corporation

President of Accurel Systems International Corporation

President of C Acquisition Corp.

President of IMX Acquisition Corp.

Debtor Name:  IMX Acquisition Corp.

United States Bankruptcy Court for the District of Delaware

Case Number (if known):

## Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully secured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral of setoff | Unsecured claim |
| 1 | Cooley, Godward & Kronish 101 California Street, FL5 San Francisco, CA 94111-5800 | Gordon Atkinson atkinsongc@cooley.com (415) 693-2088 Jay Hohf jhofh@cooley.com | Professional services | | | | $847,131 |
| 2 | Birk Manufacturing, Inc. 141 Capital Drive East Lyme, CT 06333 | Michael Mattox mmattox@birkmfg.com (860) 739-4170 | Trade debts | | | | $729,885 |
| 3 | Target Tecnologia, S.A. Ctra de Fuencaral, 24. Portal I Planta 3a 28108 Alcobendas (Madrid) Spain | Pedro Rolandi p.rolandi@target-tecnologia.es Luis Rolandi l.rolandi@target-tecnologia.es 91.554.14.36 | Trade debts | | | | $370,858 |
| 4 | Data Electronics Devices 32 Northwestern Drive Salem, NH 03079 | Vic Giglio v.giglio@dataed.com Christopher Short Chris.short@dataed.com (603) 893-2047 | Trade debts | | | | $345,781 |

01:18800652.1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully secured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral of setoff | Unsecured claim |
| 5 | Scott Electronics 33 Northwestern Drive Salem, NH 03079 | David Metzemakers davidm@scottelec.com (603) 893-2845 Patricia French Patf@scottelec.com | Trade debts | | | | $320,721 |
| 6 | Ohlheiser Corporation 831 North Mountain Road Newington, CT 06111 | Steven Muise smuise@ohlheiser.com (800) 858-9368 GeorgeAnn Smith Georgeann.smith@otpet.com (614) 342-6455 | Trade debts | | | | $320,215 |
| 7 | Ellenoff, Grossman and Schole 1345 Avenue of the Americas New York, NY 10105 | Richard Anslow ranslow@egs.com (212) 370-1300 | Professional services | | | | $298,194 |
| 8 | Leidos 333 N Wilmot Road Tuscon, AZ 85711 | Anthony Aquino Anthony.j.aquino@leidos.com (703) 400-6730 Jayme Gomex Jaime.n.gomex@leidos.com (520) 284-7204 | Trade debts | | | | $290,000 |
| 9 | Thermofab 78 Walker Road Shirley, MA 01464 | Michael Wahl m@thermofab.com (978) 835-7979 | Trade debts | | | | $233,716 |
| 10 | Arrow Electronics, Inc. 4 Technology Drive Peabody, MA 01960 | Sandra Hughes shughes@arrow.com (303) 566-7068 Daniel Anker danker@arrow.com | Trade debts | | | | $187,164 |
| 11 | Manufacturing Resource Group 930 Washington St. Norwood, MA 02062 | James Sheedy (781) 440-9700 | Trade debts | | | | $146,895 |

01:18800652.1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully secured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral of setoff | Unsecured claim |
| 12 Senaia International, Inc. 26 Craig Drive Merrimack, NH 03054 | Frances Skulnik fskulnik@senaia-intl.com (603) 345-8503 | Trade debts | | | | $143,224 |
| 13 Telpar, Inc. A Division of Peak-Ryzex 10330 Old Columbia Road Columbia, MD 21046 | Barbara Scull Barbara.scull@peak-ryzex.com (410) 312-6017 (410) 312-6000 | Trade debts | | | | $104,576 |
| 14 Goulston & Storrs LLP 885 3rd Avenue New York, NY 10022 | Kenneth Sicklick (212 878-5148 ksicklick@goulstonstorrs.com | Professional services | | | | $90,000 |
| 15 Kontron 14118 Stowe Drive Poway, CA 92064 | Gary Shull Gary.shull@us.kontron.com (800) 523-2320 ext 3180 Delores Deppa Dolores.deppa@us.kontron.com (858) 677-0877 ext 3192 | Trade debts | | | | $89,553 |
| 16 LNG Security Services Pvt. Ltd. 225 Tribhuvan Complex, 6-51 Ishwar Nagar, Nathura Road New Delhi, 110065, India | Tejpal Ghadodia tpg@lngss.com 91 11 42603000 | Trade debts | | | | $85,167 |
| 17 Danvers Industrial Packaging 39 Tozer Road, Bldg 2 Beverly, MA 01915 | Lisa Ciesinski lisac@danpack.com (978) 777-0020 ext 132 | Trade debts | | | | $82,449 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br><br>If the claim is fully secured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral of setoff | Unsecured claim |
| 18 | Marcum LLP<br>555 Long Wharf Dr., 12th Floor<br>New Haven, CT 01864 | Kevin Cole<br>Kevin.cole@marcumllp.com<br>(203) 781-9715 | Trade debts | | | | $81,121 |
| 19 | Clear Align<br>2550 Boulevard of the Generals, Suite 280<br>Eagleville, PA 19403 | Angelique Irvin<br>Angelique.irvin@clearalign.com<br>(484) 956-0510 ext 123 | Trade debts | | | | $80,134 |
| 20 | MK Services<br>194 South Main St.<br>Middleton, MA 01949 | Wendy Clattenberg<br>(978) 777-2196<br>wendyclattenberg@engineeringspecialties | Trade debts | | | | $75,388 |
| 21 | The Staffing Group, Inc.<br>35 New England Business Ctr. Drive<br>Suite 205<br>Andover, MA 01810 | Jimmy Seccareccio<br>jseccareccio@andoverpersonnel.com<br>(978) 475-8833 | Trade debts | | | | $71,997 |
| 22 | Vici Metronics<br>26295 Twelve Trees Ln NW<br>Poulsbo, WA 98370 | Kristie Parker<br>Kristie.parker@vici.com<br>(360) 697-9199 | Trade debts | | | | $60,200 |
| 23 | Greenbelt Industries<br>45 Comet Street<br>Buffalo, NY 14126-1710 | Sean Morin<br>smorin@greenbelting.com<br>(880) 668-1114 ext 5147<br>Augusto Britto<br>abritto@greenbelting.com<br>(905) 564-6712 ext 5101 | Trade debts | | | | $58,758 |
| 24 | Ken Mar LLC<br>2 Northwestern Drive<br>Salem, NH 03079 | Paul Cameron<br>pcameron@ken-mar-psf.com<br>(603) 898-1268 | Trade debts | | | | $57,994 |
| 25 | Excelitas Corporation | Guy Cote<br>Guy.cote@excelitas.com | Trade debts | | | | $57,194 |

01:18800652.1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully secured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral of setoff | Unsecured claim |
| 35 Congress Street Salem, MA 01970 | (450) 424-3416 | | | | | |
| 26 Precision Machinists Company 299 Littleton Road Chelmsford, MA 01824 | Dirk Kuyper dirk@precisionmachinists.net (978) 256-4592 | Trade debts | | | | $50,317 |
| 27 Nesco Resources LLC P.O. Box 901372 Cleveland, OH 44190 | Gina Frattarola gfrattarola@nescoresource.com (888) 637-2613 ext 285 (813) 792-3641 | Trade debts | | | | $48,216 |
| 28 L-Tronics Incorporated 30 Clematis Ave. Waltham, MA 02453 | (781) 893-6672 | Trade debts | | | | $45,356 |
| 29 Comco Plastics, Inc. 98-31 Jamaica Avenue Woodhaven, NY 11421 | Michael French mikefrench@comcoplastics.com (718) 517-6901 | Trade debts | | | | $46,495 |
| 30 Powerstax PLC Unit 5, Armstrong Mall Southwood Business Park Farnborough, Hampshire GU14 0NR UK | Tim Worley Tim.worley@powerstax.com 44 (0) 1252 407800 | Trade debts | | | | $44,280 |

Debtor Name:  IMX Acquisition Corp.

United States Bankruptcy Court for the District of Delaware

Case Number (if known):

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▮ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended *Schedule _____*

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    10/10/2016
                         MM / DD / YYYY

x _____          William J. McGann
   Signature of authorized representative of debtor          Printed name

Title    President _____

01:18800652.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
In re:                                    :    Chapter 11
                                          :
IMX Acquisition Corp., *et al.*,[1]       :    Case No. 16-_____
                                          :
                          Debtors.        :    Joint Administration Pending
-------------------------------------------------------x

### STATEMENT OF CORPORATE OWNERSHIP PURSUANT TO RULES 1007(a) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

I, William J. McGann, declare under penalty of perjury under the laws of the United States of America, to the best of my knowledge, information and belief, as follows:

I am the President of IMX Acquisition Corp. (the "**Debtor**"). The following entity directly owns more than 10% of the equity interests of the Debtor:

Implant Sciences Corporation (100%)
500 Research Drive, Unit 3, Wilmington, MA 01887

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: IMX Acquisition Corp. (9838); Implant Sciences Corporation (7126); C Acquisition Corp. (8021); and Accurel Systems International Corporation (3856). The Debtors' headquarters are located at 500 Research Drive, Unit 3, Wilmington, MA 01887.

Debtor Name:  IMX Acquisition Corp.

United States Bankruptcy Court for the District of Delaware

Case Number (if known):

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration : Statement of Corporate Ownership

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    10/10/2016
                MM / DD / YYYY

x _____          William J. McGann
Signature of authorized representative of debtor      Printed name

Title    President

01:18800652.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
In re:                                           :    Chapter 11
                                                 :
IMX Acquisition Corp., et al.,[1]                :    Case No. 16-_____
                                                 :
                          Debtors.               :    Joint Administration Pending
-------------------------------------------------x
```

## VERIFIED LIST OF EQUITY SECURITY HOLDERS OF IMX ACQUISITION CORP., SUBMITTED IN ACCORDANCE WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(3)

I, William J. McGann, the President of IMX Acquisition Corp., hereby certify under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, the following constitutes a complete and correct list of the equity security holders of IMX Acquisition Corp.:

Implant Sciences Corporation (100%)
500 Research Drive, Unit 3, Wilmington, MA 01887

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: IMX Acquisition Corp. (9838); Implant Sciences Corporation (7126); C Acquisition Corp. (8021); and Accurel Systems International Corporation (3856).  The Debtors' headquarters are located at 500 Research Drive, Unit 3, Wilmington, MA 01887.

01:18800652.1

Debtor Name:  IMX Acquisition Corp.

United States Bankruptcy Court for the District of Delaware

Case Number (if known):

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration : List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/10/2016
            MM / DD /YYYY

x _____          William J. McGann
   Signature of authorized representative of debtor     Printed name

Title   President

01:18800652.1