# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re:                                      : Chapter 11
                                            :
IMX Acquisition Corp., *et al*.,[1]          : Case No. 16-12238 (BLS)
                                            :
                              Debtors.       : (Jointly Administered)
                                            :
-------------------------------------------------------------x

# SCHEDULES OF ASSETS AND LIABILITIES FOR
# IMX ACQUISITION CORP. (CASE NO. 16-12238)

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  IMX Acquisition Corp. (9838); Implant Sciences Corporation (7126); C Acquisition Corp. (8021); Accurel Systems International Corporation (3856).  The Debtors' headquarters are located at 500 Research Drive, Unit 3, Wilmington, MA 01887.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------x
```
In re                                       :    Chapter 11
                                            :
IMX Acquisition Corp., et al., [1]          :    Case No. 16-12238 (BLS)
                                            :
                 Debtors.                   :    Jointly Administered
                                            :
```
-------------------------------------------------------x
```

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") are filing their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and together with the Schedules, collectively, the "**Schedules and Statements**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors, which were assisted by their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statement of Limitations, Methodology and Disclaimer regarding the Schedules and Statements (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. These Global Notes should be referred to as part of, and reviewed in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements have been prepared based on information provided by the Debtors' management and are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on unaudited financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such financial information; however, subsequent information or discovery may result in material changes to the

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  IMX Acquisition Corp. (9838); Implant Sciences Corporation (7126); C Acquisition Corp. (8021); Accurel Systems International Corporation (3856).  The Debtors' headquarters are located at 500 Research Drive, Unit 3, Wilmington, MA 01887.

[2]  These Global Notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to any of the Debtors' remaining Schedules and Statements, as appropriate.

Schedules and Statements and inadvertent errors, omissions or inaccuracies may exist.  The Debtors and their estates reserve all rights to amend or supplement their Schedules and Statements.

**Reservation of Rights**.  Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.

**Description of the Cases and "As of" Information Date**.  On October 10, 2016 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On October 12, 2016, the Court entered an order [D.I. 46] jointly administering the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these Global Notes is provided as of the Petition Date or as close thereto as reasonably practicable under the circumstances.

**Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors.  Therefore, combining the assets and liabilities set forth in the Schedules and Statements could result in amounts that could be substantially different from any financial information regarding the Debtors prepared on a consolidated basis under GAAP.  Unlike any consolidated financial statements, the Schedules and Statements, except where otherwise indicated herein or in the Schedules and Statements, reflect the assets and liabilities of each Debtor on a non-consolidated basis, where possible.

**Recharacterization**.  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) current or former directors, officers or persons in control of a Debtor, (b) relatives of current or former directors, officers, or persons in control of a Debtor, (c) a partnership in which a Debtor is a general partner or (d) an affiliate of a Debtor.  Except as otherwise disclosed herein or in the Statements, payments to insiders listed in (a) through (d) above are set forth on Attachment 4 to the Statements.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and

defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not take any position with respect to:  (a) such person's control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Current Market Value – Net Book Value**.  In many instances, current market valuations are neither maintained by, nor readily available to, the Debtors.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available.  Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements) and may not reflect the net realizable value.

**First Day Orders**.  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Court (each, a "**First Day Order**," and collectively, the "**First Day Orders**"), the Debtors and their estates are authorized to pay certain pre-petition claims, including, without limitation, certain claims relating to certain vendors, employee wages and benefits, taxes and fees, insurance programs, and warranty service programs.  Except to the extent that these parties have claims in excess of the authority granted to the Debtors under the First Day Orders, in certain instances, the Debtors have not included such claims in the Schedules and Statements to the extent that they were paid pursuant to a First Day Order prior to the filing of the Schedules and Statements.

**Setoffs**.  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from the Debtors' Schedules and Statements.  The Debtors and their estates reserve all of their rights with respect to any such setoffs.

**Credits and Adjustments**.  Claims of creditors are listed in the amounts entered on the Debtors' books and records and may not reflect certain credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors and their estates reserve all of their rights with regard to such credits, allowances, and other adjustments, including, without limitation, the right to assert claims objections, setoffs, and recoupments with respect to the same.

**Accounts Receivable**.  The accounts receivable information listed on Schedule A/B includes both billed and unbilled receivables.

**Leases**.  In the ordinary course of business, the Debtors may lease certain real property, fixtures, and equipment from certain third-party lessors for use in the daily operation of their business.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

**Entity Classification Issues**.  The Debtors have endeavored in good faith to identify the assets owned by each Debtor, the liabilities owed by each Debtor, and the Debtor that is a counterparty to executory contacts and unexpired leases.  While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors to precisely assign assets, liabilities, and executory contacts and unexpired leases to particular Debtor entities, including, but not limited to:  (a) certain assets and executory contacts and unexpired leases may be primarily used by a Debtor other than the entity which holds title to such assets or is a party to such executory contact and unexpired lease according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets or is a party to certain executory contacts and unexpired leases may not be ascertainable given the consolidated manner in which the Debtors have operated their business; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities.

**Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, the Debtors' executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims; however, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors and their estates reserve any and all rights with respect to the assertion of any such claims.

**Intercompany Claims**.  For certain reporting and internal accounting purposes, the Debtors record certain intercompany receivables and payables.  Receivables and payables among the Debtors are reported as assets on Schedule A/B or liabilities on Schedule E/F as appropriate (collectively, the "**Intercompany Claims**").  While the Debtors have used commercially reasonable efforts to ensure that the proper intercompany balance is attributed to each legal entity, the Debtors and their estates reserve all rights to amend the Intercompany Claims in the Schedules and Statements, including, without limitation, to change the characterization, classification, categorization, or designation of such claims, including, but not limited to, the right to assert that any or all Intercompany Claims are, in fact, consolidated or otherwise properly assets or liabilities of a different Debtor entity.

**Unknown or Undetermined Amounts**.  Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**Liabilities**.  At the time of the filing of the Schedules and Statements, the Debtors are continuing to reconcile certain liabilities.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information available at the time of the filing of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

01:19456277.1

The liabilities listed on the Schedules do not reflect any analysis of any claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors and their estates reserve all rights to dispute or challenge the validity of any claims asserted under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any transaction, document, or instrument related to any such claim.

**Estimates**.  To timely close the books and records of the Debtors and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.  The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

**Classifications**.  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority," or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to recharacterize or reclassify any claim or contract.

**Claims Description**.  Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor and its estate that such amount is not "disputed," "contingent" or "unliquidated."  The Debtors and their estates reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their Schedules on any grounds, including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Listing a claim on the Schedules does not constitute an admission of liability by the Debtors and their estates, and the Debtors and their estates reserve all rights to amend the Schedules.

**Guaranties and Other Secondary Liability Claims**.  Guaranties and other secondary liability claims (collectively, the "**Guaranties**") with respect to the Debtors' contracts and leases may not be included on Schedule H, and the Debtors believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and similar agreements may exist.  Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

## NOTES FOR SCHEDULES

**Schedule A/B – Assets – Real and Personal Property**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in their respective Schedules and Statements, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.  The Debtors and their estates reserve all of their rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

**Schedule A/B 15**.  Ownership interests in businesses, partnerships, and joint ventures (including any subsidiaries) have been listed in Schedule A/B 15 at net book value. The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the listed net book value.  With respect to the ownership interests of Implant Sciences Corporation in Debtors Accurel Systems International Corp. and C-Acquisition Corp., the value of the ownership interests represents the price paid to acquire the stock.

**Schedule A/B 50 & 55**.  Any leasehold improvements and equipment identified on Schedule A/B, Parts 8 and 9 are listed net of any depreciation.

**Schedules A/B 60/61**.  The value of patents, trademarks, and other intellectual property is listed on Schedule A/B, Part 10 as an unknown or undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the net book value.

**Schedule A/B 72.** Deferred tax assets and liabilities are measured using enacted tax rates expected to apply to net operating losses and taxable income in the years in which those temporary differences and carry-forwards are expected to be recovered or settled.  A valuation allowance is established when necessary to reduce deferred tax assets to amounts expected to be realized.  As of the Petition Date, the Debtor has provided for a full valuation allowance on deferred tax assets arising from net operating losses and for investment tax credits.

**Schedules A/B 74/75**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, credits, refunds, or potential warranty Claims against their suppliers. Because such Claims maybe unknown to the Debtors and may not be quantifiable as of the Petition Date, they are not listed in the Schedules. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

**Schedule D – Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document or instrument related to any such claim.  The descriptions provided in Schedule D are intended only to be a summary.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies and other parties which may hold security deposits.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors and their estates are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserve all rights as set forth in these Global Notes.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to.

**Schedule E/F – Creditors Who Have Unsecured Claims**.

The Debtors have not listed in Schedule E/F any claim for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order to the extent that it has been or will be paid.  The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during these chapter 11 cases.

## Part 1

The Debtors and their estates reserve all rights to dispute or challenge whether creditors listed on Part 1 of Schedule E/F are entitled to priority claims.

## Part 2.

Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; as such, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts, which rights are not reflected on Part 2 of Schedule E/F.  Also, the amounts listed on Part 2 of Schedule E/F reflect known prepetition claims as of Petition Date.  Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Part 2 of Schedule E/F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them.  The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of Schedule E/F.

As noted above, certain claims listed on Part 2 of Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code, and the Debtors and their estates reserve all rights with respect to any such claims.

The Debtors have used commercially reasonable efforts to include all creditors on Part 2 of Schedule E/F; however, the Debtors believe that there are instances in which vendors have yet to provide proper invoices for prepetition goods or services.  While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor by vendor basis, and as such may not have been included on Part 2 of Schedule E/F.

The Debtors may not have listed on Part 2 of Schedule E/F certain unsecured non-priority employee wage or benefit claims, claims for taxes and fees, or claims related to the Debtors' insurance programs for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order.  The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during these chapter 11 cases pursuant to the

01:19456277.1

authority granted in the relevant First Day Orders.  The Debtors and their estates reserve their rights to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority claims.

Schedule E/F does not include any potential warrant, note-conversion, or similar derivative liabilities of the Debtors.

**Schedule G – Executory Contracts and Unexpired Leases**.  Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusion may have occurred in preparing Schedule G.  Moreover, the Debtors have entered into numerous confidentiality agreements with suppliers and potential suppliers which, due to their voluminous number, are not included in Schedule G. The Debtors reserve all rights with respect to such agreements. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease and, as noted above, the Debtors reserve the right to amend Schedule G at any time to add any omitted executory contracts, unexpired leases and other agreements to which the Debtors are a party, including, without limitation, to add any executory contracts, unexpired leases and other agreements that the Debtors, due to the voluminous number of such contracts, leases and agreements, were unable to list on Schedule G at this time.  Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date or is valid or enforceable.  The agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed on Schedule G.

Any and all rights, claims and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved.  The Debtors and their estates hereby reserve all of their rights to:  (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary, including, without limitation, to modify which Debtor entity is a counterparty to the agreement.

## NOTES FOR STATEMENTS

**Statement 3**.  Statement 3 includes any disbursement or other transfer made by that particular Debtor within 90 days before the filing of the case, except for disbursements or transfers made on account of ordinary course employee compensation, or made to insiders, the latter of which are reflected on Statements 4 and 40.

**Statement 6.**  The Debtors have used their best efforts to reflect setoffs made by creditors without the Debtors' permission. However, there may be instances where such a setoff has occurred without the Debtors' knowledge.

**Statement 7**.  The Debtors and their estates reserve all rights, claims, and defenses with respect to any and all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such suits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities or that the actions or proceedings were correctly filed against the Debtors.  The Debtors and their estates reserve all rights to assert that the Debtors are not an appropriate party to such actions or proceedings.  The Debtors may not have included on Statement 7 certain parties that may have asserted informal workers' compensation claims or similar claims that were resolved or otherwise addressed without formal litigation or an administrative hearing or similar proceeding having been commenced.

**Statement 11**.  Debtor Implant Sciences Corporation made payments on behalf of all of the Debtors to various professionals retained by the Debtors for restructuring services.  The payments listed in Statement 11 are generally only for restructuring-related services.  The Debtors may have made other payments to the listed professionals for non-bankruptcy related services, but these payments are not listed in Statement 11.

**Statement 26d**.  Debtor Implant Sciences Corporation has, in the past, prepared and filed with the U.S. Securities and Exchange Commission (the "**SEC**") certain financial statements (collectively, the "**SEC Filings**").  The SEC Filings contain financial information relating to the Debtors.  Because the SEC Filings are public record, the Debtors do not maintain records of the parties which requested or obtained copies of any of the SEC Filings from the SEC or the Debtors, and therefore any such parties have not been reflected on Statement 26d.

01:19456277.1

**Fill in this information to identify the case:**

Debtor Name: In re : IMX Acquisition Corp.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 16-12238 (BLS)

☐ Check if this is an amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals                    12/15

**Part 1:    Summary of Assets**

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**

        Copy line 88 from *Schedule A/B* ............................................................................................   $ _____0.00

    1b. **Total personal property:**

        Copy line 91A from *Schedule A/B* ..........................................................................................   $ _____0.00

    1c. **Total of all property:**

        Copy line 92 from *Schedule A/B* ............................................................................................   $ _____0.00

**Part 2:    Summary of Liabilities**

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ....................   $ ____84,402,627.18

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

        Copy the total claims from Part 1 from line 5a of *Schedule E/F* ..............................................   $ _____0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ...................   + $ _____0.00

4. **Total liabilities**

    Lines 2 + 3a + 3b .............................................................................................................   $ ____84,402,627.18

**Fill in this information to identify the case:**

Debtor Name: In re : IMX Acquisition Corp.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 16-12238 (BLS)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

    ☑ No. Go to Part 2.

    ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**

    _____    $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

    Name of institution (bank or brokerage firm)    Type of account    Last 4 digits of account number

    _____    _____    _____    $ _____

4. **Other cash equivalents** *(Identify all)*

    _____    $ _____

5. **Total of Part 1**

    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $ _____ 0.00

Debtor:   IMX Acquisition Corp.                                    Case number *(if known)*:   16-12238
_____
          Name

## Part 2:    Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.

   ☐ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   _____   $ _____

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   _____   $ _____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.                    $ _____ 0.00

| Debtor: | IMX Acquisition Corp. | Case number *(if known):* | 16-12238 |
|---------|----------------------|---------------------------|----------|
| | Name | | |

## Part 3:    Accounts receivable

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

|       |                  | Description | face amount | doubtful or uncollectible accounts | | |
|-------|------------------|-------------|-------------|-----------------------------------|---|---|
| 11a. | 90 days old or less: | _____ | $ _____ | - $ _____ | =..... ➜ | $ _____ |
| 11b. | Over 90 days old: | _____ | $ _____ | - $ _____ | =..... ➜ | $ _____ |

12. **Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ _____ 0.00

Debtor:    IMX Acquisition Corp.    Case number *(if known)*:    16-12238
_____    _____
Name

---

**Part 4:**    **Investments**

---

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

_____    _____    $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                          % of ownership:

_____    _____    _____    $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

_____    _____    $ _____

17. **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.                        $ _____ 0.00

---

| Debtor: | IMX Acquisition Corp. | | Case number *(if known):* | 16-12238 |
|---|---|---|---|---|
| | Name | | | |

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**
- ☑ No. Go to Part 6.
- ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | $ | | $ |
| 20. **Work in progress** | | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | $ | | $ |
| 22. **Other inventory or supplies** | | $ | | $ |

23. **Total of Part 5.**
    Add lines 19 through 22. Copy the total to line 84.

    $ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**
- ☐ No
- ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
- ☐ No
- ☐ Yes. Description_____ Book value $ _____ Valuation method _____ Current value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

Debtor: IMX Acquisition Corp.
_____
Name

Case number *(if known):* 16-12238
_____

---

**Part 6:**　　**Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
   - ☑ No. Go to Part 7.
   - ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ | | $ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ | | $ |

33. **Total of Part 6.**
   Add lines 28 through 32. Copy the total to line 85.

   $ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**
   - ☐ No
   - ☐ Yes. Is any of the debtor's property stored at the cooperative?
     - ☐ No
     - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
   - ☐ No
   - ☐ Yes.　Description_____　Book value $ _____　Valuation method _____　Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
   - ☐ No
   - ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
   - ☐ No
   - ☐ Yes

---

Debtor: IMX Acquisition Corp.
_____
Name

Case number *(if known)*: 16-12238

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

&#9745; No. Go to Part 8.

&#9744; Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ | | $ |
| 40. **Office fixtures** | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

&#9744; No

&#9744; Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

&#9744; No

&#9744; Yes

Debtor: IMX Acquisition Corp.

Name

Case number *(if known)*: 16-12238

## Part 8:   Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| | $ | | $ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| | $ | | $ |
| **49. Aircraft and accessories** | | | |
| | $ | | $ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $ | | $ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Debtor: | IMX Acquisition Corp. | | Case number *(if known):* | 16-12238 |
|---|---|---|---|---|
| | Name | | | |

## Part 9:    Real property

**54.    Does the debtor own or lease any real property?**

☑  No. Go to Part 10.

☐  Yes. Fill in the information below.

**55.    Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br><br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

**56.    Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

| | |
|---|---|
| $ | 0.00 |

**57.    Is a depreciation schedule available for any of the property listed in Part 9?`**

☐  No

☐  Yes

**58.    Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐  No

☐  Yes

| Debtor: | IMX Acquisition Corp. | Case number *(if known):* | 16-12238 |
|---|---|---|---|
| | Name | | |

## Part 10:  Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor:  IMX Acquisition Corp.                                    Case number *(if known)*    16-12238

Name

## Part 11:  All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☒  No. Go to Part 12.

☐  Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**71.  Notes receivable**

Description (include name of obligor)          Total face amount         doubtful or uncollectible accounts

$ _____  - $ _____  =..... ➜ $ _____

**72.  Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____         Tax year _____         $ _____

**73.  Interests in insurance policies or annuities**

_____                                         $ _____

**74.  Causes of action against third parties (whether or not a lawsuit has been filed)**

_____                                         $ _____

Nature of claim          _____

Amount requested          $ _____

**75.  Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____                                         $ _____

Nature of claim          _____

Amount requested          $ _____

**76.  Trusts, equitable or future interests in property**

_____                                         $ _____

**77.  Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

_____                                         $ _____

**78.  Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.          $ _____ 0.00

**79.  Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐  No

☐  Yes

| Debtor: | IMX Acquisition Corp. | Case number *(if known):* | 16-12238 |
|---|---|---|---|
| | Name | | |

## Part 12:  Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80.  **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81.  **Deposits and prepayments.** *Copy line 9, Part 2***.** | $ 0.00 | |
| 82.  **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83.  **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84.  **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85.  **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86.  **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87.  **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88.  **Real property.** *Copy line 56, Part 9.*........................................................➔ | | $ 0.00 |
| 89.  **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90.  **All other assets.** *Copy line 78, Part 11.* | $ 0.00 | |
| 91.  **Total.** Add lines 80 through 90 for each column...............................91a. | $ 0.00 + 91b. | $ 0.00 |
| 92.  **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ................................................................................................... | | $ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : IMX Acquisition Corp.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 16-12238 (BLS)

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**

    ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

    ☑ Yes. Fill in all of the information below.

**Part 1:        List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the<br>value of collateral. | Column B<br>**Value of collateral that<br>supports this claim** |
|---|---|---|---|

2.1 **Creditor's name**

    See Schedule D, Part 1 Attachment

    Creditor's Name

**Describe debtor's property that is subject to a lien**

$     84,402,627.18     $     16,692,350.00

**Creditor's mailing address**

Notice Name

**Describe the lien**

Street

**Is the creditor an insider or related party?**

☐ No

☐ Yes

City          State          ZIP Code

Country

**Creditor's email address, if known**

**Is anyone else liable on this claim?**

☐ No

☐ Yes. Fill out *Schedule H: Codebtors(Official Form 206H).*

**Date debt was incurred**

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Do multiple creditors have an interest in the same property?**

☐ No

☐ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

        2.1

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$     84,402,627.18

**Part 2:**    **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| See Schedule D, Part 2 Attachment | Line _____ | _____ |

Name

Notice Name

Street

City                                State                    ZIP Code

Country

**Fill in this information to identify the case:**

Debtor Name: In re : IMX Acquisition Corp.

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 16-12238 (BLS)

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims 12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:     List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

    ☑ No. Go to Part 2.

    ☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | Total claim | Priority amount |
|---|---|---|
| 2.1 **Priority creditor's name and mailing address** | As of the petition filing date, the claim is: $ | $ |

_Check all that apply._

Creditor Name

☐  Contingent

Creditor's Notice name

☐  Unliquidated

☐  Disputed

Address

**Basis for the claim:**

City            State            ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐  No

☐  Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
|  |  | $ |

**Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*

Creditor Name

☐  Contingent

☐  Unliquidated

Creditor's Notice name

☐  Disputed

**Basis for the claim:**

Address

City          State          ZIP Code

Country

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐  No

☐  Yes

**Last 4 digits of account number**

**Part 3:**    **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐   Not Listed. Explain | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City            State            ZIP Code | | |
| Country | | |

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ _____ 0.00 |
| 5b. **Total claims from Part 2** | 5b. + | $ _____ 0.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ _____ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : IMX Acquisition Corp.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 16-12238 (BLS)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases          12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases**

   State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

   **State what the contract or lease is for and the nature of the debtor's interest**

   Name

   Notice Name

   **State the term remaining**

   Address

   **List the contract number of any government contract**

   | City | State | ZIP Code |

   Country

**Fill in this information to identify the case:**

Debtor Name: In re : IMX Acquisition Corp.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 16-12238 (BLS)

☐ Check if this is an amended filing

Official Form 206H
_____

## Schedule H: Codebtors                                                                              12/15
_____

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 Accurel Systems International Corporation | 500 Research Drive<br>Street<br>Unit 3 | BAM Administrative Services LLC | ☑ D<br><br>☐ E/F<br><br>☐ G |
| | Wilmington      MA      01887<br>City         State      ZIP Code<br><br>Country | | |
| 2.2 Accurel Systems International Corporation | 500 Research Drive<br>Street<br>Unit 3 | DMRJ Group LLC | ☑ D<br><br>☐ E/F<br><br>☐ G |
| | Wilmington      MA      01887<br>City         State      ZIP Code<br><br>Country | | |

Debtor:  IMX Acquisition Corp.
_____
Name

Case number *(if known)*: 16-12238

| 2.3 | Accurel Systems International Corporation | 500 Research Drive | | | Montsant Partners, LLC | ☑ D |
| | | Street | | | | ☐ E/F |
| | | Unit 3 | | | | |
| | | | | | | ☐ G |
| | | Wilmington | MA | 01887 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.4 | C Acquisition Corporation | 500 Research Drive | | | BAM Administrative Services LLC | ☑ D |
| | | Street | | | | ☐ E/F |
| | | Unit 3 | | | | |
| | | | | | | ☐ G |
| | | Wilmington | MA | 01887 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.5 | C Acquisition Corporation | 500 Research Drive | | | DMRJ Group LLC | ☑ D |
| | | Street | | | | ☐ E/F |
| | | Unit 3 | | | | |
| | | | | | | ☐ G |
| | | Wilmington | MA | 01887 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.6 | C Acquisition Corporation | 500 Research Drive | | | Montsant Partners, LLC | ☑ D |
| | | Street | | | | ☐ E/F |
| | | Unit 3 | | | | |
| | | | | | | ☐ G |
| | | Wilmington | MA | 01887 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.7 | Implant Sciences Corporation | 500 Research Drive | | | BAM Administrative Services LLC | ☑ D |
| | | Street | | | | ☐ E/F |
| | | Unit 3 | | | | |
| | | | | | | ☐ G |
| | | Wilmington | MA | 01887 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

Debtor:    IMX Acquisition Corp.

Name

Case number *(if known)*:    16-12238

| | | | |
|---|---|---|---|
| 2.8 Implant Sciences Corporation | 500 Research Drive | DMRJ Group LLC | ☑ D |
| | Street | | |
| | Unit 3 | | ☐ E/F |
| | | | |
| | | | ☐ G |
| | Wilmington      MA      01887 | | |
| | City      State      ZIP Code | | |
| | | | |
| | Country | | |

| | | | |
|---|---|---|---|
| 2.9 Implant Sciences Corporation | 500 Research Drive | Montsant Partners, LLC | ☑ D |
| | Street | | |
| | Unit 3 | | ☐ E/F |
| | | | |
| | | | ☐ G |
| | Wilmington      MA      01887 | | |
| | City      State      ZIP Code | | |
| | | | |
| | Country | | |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor Name: In re : IMX Acquisition Corp.</td></tr>
<tr><td>United States Bankruptcy Court for the:  District of Delaware</td></tr>
<tr><td>Case number (if known): 16-12238 (BLS)</td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑  *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)

☑  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑  *Schedule H: Codebtors* (Official Form 206H)

☑  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule*

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11 / 11 / 2016
MM / DD / YYYY

✱ _____
Signature of individual signing on behalf of debtor

Roger Deschenes
Printed name

Vice President, Finance, and CFO
Position or relationship to debtor

In re: IMX Acquisition Corp.
Case No. 16-12238
Schedule D, Part 1
Creditors Who Have Claims Secured by Property

| Line | Creditor's Name | Creditor Notice Name | Address 1 | Address 2 | City | State | Zip | Date incurred | Multiple creditors (Y/N) | Describe debtor's property that is subject to a lien | Describe the lien | Insider/related party (Y/N) | Codebtor (Y/N) | Contingent | Unliquidated | Disputed | Amount of claim Do not deduct the value of collateral. | Value of collateral that supports this claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Beechwood Bermuda International Limited | BAM Administrative Services, LLC | 1370 Avenue of the Americas | 32nd Floor | New York | NY | 10019 | 3/19/2014 | No | All of the debtors assets | First priority on debtor's assets | No | Yes | X | | | $4,115,397.69 | $16,692,350.00 |
| 2.2 | Beechwood Bermuda International Limited | BAM Administrative Services, LLC | 1370 Avenue of the Americas | 32nd Floor | New York | NY | 10019 | 3/19/2014 | No | All of the debtors assets | First priority on debtor's assets | No | Yes | X | | | $3,449,763.59 | |
| 2.3 | Bre BCLIC Sub | BAM Administrative Services, LLC | 1370 Avenue of the Americas | 32nd Floor | New York | NY | 10019 | 3/19/2014 | No | All of the debtors assets | First priority on debtor's assets | No | Yes | X | | | $328,501.42 | |
| 2.4 | Bre WNIC 2013 LTD Primary | BAM Administrative Services, LLC | 1370 Avenue of the Americas | 32nd Floor | New York | NY | 10019 | 3/19/2014 | No | All of the debtors assets | First priority on debtor's assets | No | Yes | X | | | $8,044,404.95 | |
| 2.5 | Bre WNIC 2013 LTD SUB | BAM Administrative Services, LLC | 1370 Avenue of the Americas | 32nd Floor | New York | NY | 10019 | 3/19/2014 | No | All of the debtors assets | First priority on debtor's assets | No | Yes | X | | | $596,069.53 | |
| 2.6 | DMRJ Group LLC | DMRJ Group LLC | 250 West 55th Street | 14th Floor | New York | NY | 10019 | 7/1/2009 | No | All of the debtors assets | Second priority on debtor's assets | No | Yes | X | | | $2,191,749.49 | |
| 2.7 | DMRJ Group LLC | DMRJ Group LLC | 250 West 55th Street | 14th Floor | New York | NY | 10019 | 9/4/2009 | No | All of the debtors assets | Second priority on debtor's assets | No | Yes | X | | | $12,607,535.96 | |
| 2.8 | DMRJ Group LLC | DMRJ Group LLC | 250 West 55th Street | 14th Floor | New York | NY | 10019 | 9/7/2012 | No | All of the debtors assets | Second priority on debtor's assets | No | Yes | X | | | $18,260,900.44 | |
| 2.9 | DMRJ Group LLC | DMRJ Group LLC | 250 West 55th Street | 14th Floor | New York | NY | 10019 | 2/28/2013 | No | All of the debtors assets | Second priority on debtor's assets | No | Yes | X | | | $22,558,909.82 | |
| 2.10 | Montsant Partners LLC | Montsant Partners LLC | 250 West 55th Street | 14th Floor | New York | NY | 10019 | 12/10/2008 | No | All of the debtors assets | Second priority on debtor's assets | No | Yes | X | | | $5,506,112.12 | |
| 2.11 | Senior Health Insurance Company of PA | BAM Administrative Services, LLC | 1370 Avenue of the Americas | 32nd Floor | New York | NY | 10019 | 3/19/2014 | No | All of the debtors assets | First priority on debtor's assets | No | Yes | | | | $ 6,743,282.17 | $ - |
| | | | | | | | | | | | | | | | | TOTAL: | $84,402,627.18 | $16,692,350.00 |

**In re: IMX Acquisition Corp.**
**Case No. 16-12238**
Schedule D, Part 2
Notice Parties to Creditors Who Have Claims Secured by Property

| Name | Notice Name | Address 1 | Address 2 | City | State | Zip | Country | On which line in Part 1 did you enter the related creditor? |
|------|-------------|-----------|-----------|------|-------|-----|---------|-----------------------------------------------------------|
| Holland and Knight | Barbara Parlin, Esq. | 31 W. 52nd St | | New York | NY | 10019 | | 2.6 - 2.10 |
| Pachulski Stang Ziehl & Jones | Ira D. Kharasch | 10100 Santa Monica Blvd | 13th Floor | Los Angeles | CA | 90067 | | 2.1 - 2.5, 2.11 |
| Pachulski Stang Ziehl & Jones | Ira D. Kharasch | 919 N. Market Street | PO Box 8705 | Wilmington | DE | 19801 | | 2.1 - 2.5, 2.11 |