## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FIAC Corp., *et al.*, [1] | Case No. 16-12238 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date: May 25, 2017 at 10:00 a.m. (ET)**<br>**Objection Date: May 5, 2017 at 4:00 p.m. (ET)** |
| | **Related to Docket Nos. 544 and 629** |

## MOTION OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO AMEND OR ALTER JUDGMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9023 AND 9024 AND FEDERAL RULES OF CIVIL PROCEDURE 59(E) AND 60(A) AND (B)

The Official Committee of Equity Security Holders of FIAC Corp. (f/k/a IMX Acquisition Corp.), *et al.* (the "Committee"), by and through its undersigned counsel, hereby moves (the "Amendment Motion"), pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this contested matter through Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order amending and altering both: (i) the *Order Granting in Part and Denying in Part Motion of the Official Committee of Equity Security Holders for Entry of an Order Granting Standing to Commence and Prosecute Certain Claims on Behalf of the Debtors' Estates against (I) DMRJ Group, LLC and (II) Montsant Partners, LLC and for Related Relief* [D.I. 544] (the "Standing Order") and (ii) the *Memorandum Order Denying Motion of the Official Committee of Equity Security Holders For Clarification and Reconsideration, on a Limited Basis, of Order*

---

[1]     The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: FIAC Corp. (f/k/a IMX Acquisition Corp.) (9838); Secure Point Technologies (f/k/a Implant Sciences Corporation) (7126); FCAC Corp. (f/k/a C Acquisition Corp.) (8021); FASIC Corp. (f/k/a Accurel Systems International Corporation) (3856). The Debtors' headquarters are located at 215 Depot Ct. SE, Suite #212, Leesburg, VA 20175.

*Granting in Part and Denying in Part Motion of the Official Committee of Equity Security Holders For Entry of an Order Granting Standing to Commence and Prosecute Certain Claims on Behalf of the Debtors' Estates Against (I) DMRJ Group, LLC and (II) Montsant Partners, LLC and for Related Relief* [D.I. 629] (the "Reconsideration Order," together with the Standing Order, the "Orders"). In support of this Amendment Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

The Committee is understandably loathe to burden the Court with a further request for an additional (very narrow) clarification or possibly amendment to the Orders. Indeed, the Committee would *not* bring this Amendment Motion unless it had a very good reason and a very compelling need. And it has both: The Committee seeks clarification or amendment of the Orders as a matter of clean-up, solely to make clear that the definition of the term "DMRJ/Monsant Parties" in the Standing Order includes and their affiliates' pledgees, successors and assigns. (To be clear, the Committee by this Motion does NOT intend to revisit the issue of the Committee's right to bring additional counts against the DMRJ/Montsant Parties, or its right to bring claims against any other parties.) The Committee believes that the Court intended to address this request in the Reconsideration Order—based on comments the Court made on the record on March 23, 2017—but, even though that request was not opposed by any party, the issue seems to have fallen through the cracks when the Reconsideration Order was drafted. This issue must be now corrected to avoid an unfortunate (and, the Committee believes, inadvertent) ambiguity clouding the Standing Order at present. Accordingly the Committee seeks an amendment to the Orders stating that the grant of standing for DMRJ Group, LLC ("DMRJ") and Montsant Partners, LLC ("Montsant," and together with DMRJ, the "DMRJ

Parties") includes and their affiliates' pledgees, successors and assigns (collectively, the "Third Parties").

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S. C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Federal Rules 59 and 60 together with Bankruptcy Rules 9023 and 9024, and section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code").

## FACTUAL BACKGROUND

### I.    The Standing Order

2.      On October 10, 2016 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases").

3.      On December 22, 2016, the Committee filed the *Motion of the Official Committee of Equity Security Holders for Entry of an Order Granting Standing to Commence and Prosecute Certain Claims on Behalf of the Debtors' Estates against (I) DMRJ Group, LLC and (II) Montsant Partners LLC, and for Related Relief* [D.I. 366] (the "Standing Motion"),[2] pursuant to which the Committee sought the entry of an order granting the Committee leave, standing and authority to commence, prosecute and, if appropriate, settle certain causes of action on behalf of the Debtors' estates against the DMRJ Parties.

---

[2]      Pursuant to this Court's order [D.I. 457], the Standing Motion was filed under seal.  This Motion only refers to portions of the Standing Motion that were not redacted in the redacted, publicly filed Standing Motion [D.I. 367].

4.      Among other things, the Standing Order provides that "the Challenge Period Deadline is suspended as it applies to the DMRJ / Montsant Parties until such date as is set by the Further Order." Standing Order at 2.

5.      Notably, capitalized terms used but not defined in the Standing Order have the meanings ascribed to such terms in the Standing Motion. See id. at 1 n.2. The term "DMRJ / Montsant Parties," however, does not appear in the Standing Motion and instead appears only in the proposed Standing Order originally submitted by the Committee.

**II.    The Reconsideration Order**

6.      On February 24, 2017, the Committee filed the *Motion of Official Committee of Equity Security Holders For Clarification and Reconsideration, on a Limited Basis, of Order Granting in Part and Denying in Part Motion of the Official Committee of Equity Security Holders For Entry of an Order Granting Standing to Commence and Prosecute Certain Claims on Behalf of the Debtors' Estates Against (i) DMRJ Group, LLC and (ii) Montsant Partners, LLC and for Related Relief* [D.I. 563] (the "Reconsideration Motion")

7.      The Reconsideration Motion requested two things: First, it requested the Court to clarify that the definition of "DMRJ/Montsant Parties" includes former representatives of DMRJ and Montsant, and further includes the assignees and pledgees of DMRJ and Montsant and their affiliates. Second, the Reconsideration Motion requested the Court to clarify that the Standing Order did not limit the Committee's ability to pursue other and different claims against the DMRJ/Montsant Parties in the future.

8.      At the hearing on the Reconsideration Motion on March 23, 2017, DMRJ and Montsant opposed several aspects of the Committee's requested relief, but notably *not* the Committee's request that the Standing Order be clarified to not preclude standing as to the assignees and pledgees of the DMRJ/Montsant Parties and their affiliates. The Committee

4

believes, after carefully reviewing the transcript of the hearing, that the Court likewise expressed no concerns as to that particular part of the requested relief. Ultimately, however, the hearing devolved into a deep and at times academic discussion of the *other* aspects of the relief sought by the Committee and, the Committee believes, the non-controversial "assignee and pledgee" request seems to have been sidelined and forgotten.

9.      Several days later, the Court denied the Reconsideration Motion, and entered the Reconsideration Order. The Reconsideration Order contains seven decretal paragraphs, all addressing the several other aspects of the requested relief, but does not address explicitly in any respect the non-controversial "assignee and pledgee" request.

## III.    The Proposed Platinum Settlement.

10.     On April 10, 2017, the Committee filed the *Motion of the Official Committee of Equity Security Holders, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, For Entry of an Order Approving Settlement Agreement Between The Official Committee of Equity Security Holders, DMRJ Group, LLC, Montsant Partners, LLC, and Platinum Partners Value Arbitrage Fund L.P.* [D.I. 641] (the "Settlement Motion").

11.     The Settlement Motion is scheduled for hearing on April 27, 2017 at 10:00 a.m., with objections or other responses thereto due on April 24, 2017 at 4:00 p.m. The Settlement Motion, if approved, will resolve all disputes among the parties and settle the litigation fully with respect to the DMRJ/Montsant Parties and with respect to Platinum Partners Value Arbitrage Fund L.P. ("Platinum").

12.     However, and critically here, the DMRJ/Montsant Parties have indicated that they have no authority to resolve the Committee's disputes with two OTHER entities that are assignees of a portion of the preferred stock previously issued to DMRJ, ED&F Capital Markets Limited (which is asserted to own 1,467.18 shares ($1,000 par value), and Prime Capital Markets

5

(Bermuda) Limited (1,131.28 shares), which (together with accumulated preferred dividends) are outstanding in the aggregate amount of approximately $2,800,000 (the "<u>Assigned Preferred Shares</u>" and the "<u>Preferred Share Assignees</u>").

13.     The Preferred Share Assignees did not participate in the discussions leading to the Settlement Motion and those Assigned Preferred Shares are not compromised, recognized or otherwise dealt with in connection with that settlement, leaving the Committee with the task of dealing with them later, regardless of whether the Court approves or rejects the Settlement Motion. For this compelling reason, the Standing Order must be amended to make clear that the Committee may pursue assignees and pledgees of the DMRJ Parties and their affiliates to reach Third Parties such as the Preferred Share Assignees.

## RELIEF REQUESTED

14.     By this Amendment Motion, the Committee seeks the entry of an order, substantially in the form attached hereto as **Exhibit A:** (i) amending both Orders to make clear that nothing therein waives, fails to preserve or otherwise impairs the Committee's ability and right to bring the previously approved causes of action against the Preferred Share Assignees and the term "DMRJ / Montsant Parties" in the Standing Order *includes* and their affiliates' pledgees, successors and assigns; and (ii) granting such other relief as is just and proper.

## BASIS FOR RELIEF REQUESTED

15.     The Committee seeks the entry of an order pursuant to Federal Rules 59(e) and 60(a) and (b) made applicable to this matter pursuant to Bankruptcy Rules 9023 and 9024, amending both Orders to insert a provision specifying that the term "DMRJ/Montsant Parties" in the Standing Order includes all pledgees, successors and assigns of the DMRJ/Montsant Parties and their affiliates, including the Third Parties.

662569.1 04/14/2017

16.     Federal Rule 59(e), made applicable by Bankruptcy Rule 9023, allows for a motion for amendment of a judgment, and Federal Rule 60(a) and (b)(1) and (6) of the Federal Rules of Civil Procedure, provide more guidance, as follows:

> (a) The court may correct…a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.
>
> (b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(a), (b)(1), (6).

17.     The standard for altering or amending judgment is well-settled: A judgment may be altered or amended under Federal Rule 59(e) where (i) there has been an intervening change in controlling law, (ii) new evidence has become available, or (iii) there is a need to prevent manifest injustice or to correct a clear error of law or fact. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also, e.g., In re Allied Sys. Holdings, Inc., 524 B.R. 598, 613 (Bankr. D. Del. 2016) (citing Max's Seafood Café standards); In re W.R. Grace & Co., 556 B.R. 113, (Bankr. D. Del. 2016) (same).

18.     In the present case, as noted above, the Standing Order provides the Committee with standing to pursue the "DMRJ / Montsant Parties." This term, however, is not defined in the Standing Order. Moreover, although the Standing Order provides that capitalized terms not defined therein shall have the meanings ascribed to them in the Standing Motion, the term likewise does not appear in the Standing Motion.

19.     Because the Committee did not believe that the term "DMRJ / Montsant Parties" could be reasonably subject to any interpretation other than that proposed herein, and because

such interpretation appeared to be consistent with the Court's intent in entering the Standing Order, the Committee filed the Reconsideration Motion.

20.     The Committee respectfully believes that the Court tacitly agreed with the need for such clarification as to Third Parties, based on the Court's generally supportive comments on the record at the hearing on the Reconsideration Motion, however, this issue was lost in the fray that followed argument on the other aspects of the Reconsideration Motion.

21.     Moreover, because the parties needed a prompt ruling on the Reconsideration Motion prior to the start of mediation, the Court drafted the Reconsideration Order and likely inadvertently overlooked the narrow definitional clarification, which was not ultimately addressed in such order.

22.     Thereafter, the Committee filed the Settlement Motion, which, if approved, will resolve all disputes with the DMRJ/Montsant Parties and with Platinum.  However, disputes remain as to the Preferred Share Assignees and other Third Parties, and therefore the Standing Order must be amended to add the Third Parties to the grant of standing contained in such order, so that litigation can progress.

23.     In sum, the Orders remain unclear as to whether the Third Parties are covered by the Standing Order.

## NOTICE

24.     Notice of this Amendment Motion has been provided to the following parties: (i) counsel to the Debtors; (ii) the office of the United States Trustee for the District of Delaware; and (iii) the parties requesting notice under Bankruptcy Rule 2002.  The Committee submits that no other or further notice is required.

8

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**: (i) clarifying the Standing Order and the Reconsideration Order to make clear that the term "DMRJ / Montsant Parties" in the Standing Order includes the Third Parties; and (ii) granting such other relief as is just and proper.

Dated:  April 14, 2017

**SAUL EWING LLP**

Mark Minuti (DE Bar No. 2659)
Teresa K.D. Currier (DE Bar No. 3080)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6840
mminuti@saul.com
tcurrier@saul.com

*Counsel to the Official Committee of Equity Security Holders of FIAC Corp., et al.*

662569.1 04/14/2017